UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRACY BROOKS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:22-cv-1123 |
| NELSON CRUZ & ASSOCIATES, LLC, | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, TRACY BROOKS ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendant, NELSON CRUZ & ASSOCIATES, LLC ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et al. ("TDCA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k and 15 U.S.C. § 1693(m).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

7. Plaintiff is a natural person residing in the City of Richardson, Dallas County, State of Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in the City of Dallas, Dallas County, State of Texas.

13. Defendant is a business entity engaged in the collection of debt within the State of Texas.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with CornerStone.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. On or about October 6, 2021, Defendant began calling Plaintiff on Plaintiff's telephone at xxx-xxx-0793, in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from 469-336-5335, which is one of Defendant's telephone numbers.

23. On or about October 6, 2021, Plaintiff answered Defendant's call and spoke with one of Defendant's collectors, Famous Valentine.

24. On or about October 6, 2021, Plaintiff was informed from numerous third parties that Defendant's collector was discussing Plaintiff's alleged debt with the third parties.

25. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

26. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

27. Defendant engaged in the foregoing conduct with intent to harass, abuse and annoy Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-seven (27) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

29. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692b(2) of the FDCPA by communicating with any person other than the consumer and stating that such consumer owes any debt, when Defendant's collector called numerous third parties and discussed Plaintiff's debt with them;

    b. Defendant violated § 1692c(b) of the FDCPA by communicating, in connection with the collection of any debt, with any person other than the consumer, without the prior consent of the consumer given directly to the debt collector, when Defendant's collector called numerous third parties despite having Plaintiff's location information, and when Defendant discussed Plaintiff's debt with third parties;

    c. Defendant violated § 1692d of the FDCPA by engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, when Defendant's collector called numerous third parties and discussed Plaintiff's debt with them;

    d. Defendant violated § 1692(f) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, TRACY BROOKS, respectfully requests judgment be entered against Defendant, NELSON CRUZ & ASSOCIATES, LLC, for the following:

30. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

33. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

34. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-seven (27) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

35. Defendant violated the TDCA based on the following:

    a. Defendant violated Tex. Fin. Code § 392.304(19) by using any false representation or deceptive means to collect a debt or information concerning a consumer, when Defendant's collector called numerous third parties and discussed Plaintiff's debt with them.

WHEREFORE, Plaintiff, TRACY BROOKS, respectfully requests judgment be entered against Defendant, NELSON CRUZ & ASSOCIATES, LLC, for the following:

36. For actual damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

37. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d), including mental anguish;

38. For attorneys' fees, costs and disbursements;

39. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

40. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  May 20, 2022                                    RESPECTFULLY SUBMITTED,

                                                   By: /s/ Michael S. Agruss
                                                       Michael S. Agruss
                                                       SBN: 6327180
                                                       Agruss Law Firm, LLC
                                                       4809 N. Ravenswood Ave., Suite 419
                                                       Chicago, IL 60640
                                                       Tel: 312-224-4695
                                                       Fax: 312-253-4451
                                                       michael@agrusslawfirm.com
                                                       Attorney for Plaintiff